1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

IRA GREEN,                                         1:11-cv-01359 MJS (HC)

                Petitioner,            ORDER DISMISSING PETITION FOR
                               WRIT OF HABEAS CORPUS FOR FAILING
  v.                                   TO STATE COGNIZABLE CLAIM

                            [Doc. 1]
MARSHALL S. LEWIS, M.D.,

                Respondent.
_____/

15      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas
16 corpus under the authority of 28 U.S.C. § 2254. The parties have consented to the
17 jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) and
18 Local Rule 305(b).

19      Petitioner filed the instant petition for writ of habeas corpus on August 15, 2011.
20 (Pet., ECF No. 1.)  Despite labeling the filing as a petition for writ of habeas corpus,
21 Petitioner states that the petition is "a medical malpractice civil suit" based on the
22 defendant's failure to administer post-operative pain medication. (Id. at 28.) It appears from
23 Petitioner's filings that he brought a civil complaint in state court based on the same issues,
24 and it was dismissed on summary judgment.

25 **I.**    **DISCUSSION**

26      **A.**    **Procedural Grounds for Summary Dismissal**

27      Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

28           If it plainly appears from the petition and any attached exhibits that the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.   Failure to State Cognizable Claim

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner appears to seek compensation for his loss of property. (Pet.) Petitioner does not challenge his conviction or sentence or seek earlier release from confinement. Petitioner's claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint. The Court expresses no opinion as to the merits of such a civil rights complaint.

As it does not appear possible that the deficiencies identified herein can be cured

-2-

by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, this case is DISMISSED without prejudice to Petitioner to present the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition, which will be assigned a separate civil number. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

C.    Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

-3-

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief, nor would they find him deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

1

**ORDER**

2   Accordingly, IT IS HEREBY ORDERED that:

3   1. The petition for writ of habeas corpus is DISMISSED without prejudice to

4   Petitioner's right to file a civil rights action pursuant to 42 U.S.C. § 1983;

5   2. The Clerk of Court is DIRECTED to send Petitioner a blank civil rights complaint

6   form;

7   3. The Clerk of Court is DIRECTED to enter judgment; and

8   4. The Court DECLINES to issue a certificate of appealability.

9

10   IT IS SO ORDERED.

11   Dated:    November 28, 2011          /s/ *Michael J. Seng*

12                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28